UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § § | Claim No: 2010A82064 |
| vs. | | |
| Cecil Dixon | | |

**COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

The United States of America, plaintiff, alleges that:

### Jurisdiction

1. This Court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution and 28 U.S.C. § 1345.

### Venue

2. The defendant is a resident of Wayne County, Michigan within the jurisdiction of this Court and may be served with service of process at 6368 Walton Street, Detroit, Michigan 48210.

### The Debt

3. The debt owed the USA is as follows:

| | |
|---|---:|
| A. Current Principal *(after application of all prior payments, credits, and offsets)* | $2,615.06 |
| B. Current Capitalized Interest Balance and Accrued Interest | $5,972.78 |
| C. Administrative Fee, Costs, Penalties | $0.00 |
| D. Credits previously applied *(Debtor payments, credits, and offsets)* | $0.00 |

| | |
|---|---:|
| E. Attorneys fees | $0.00 |
| **Total Owed** | **$8,587.84** |

The Certificate of Indebtedness, attached as Exhibit A", shows the total owed excluding attorney's fees and CIF charges. The principal balance and the interest balance shown on the Certificate of Indebtedness is correct as of the date of the Certificate of Indebtedness after application of all prior payments, credits, and offsets. Prejudgment interest accrues at the rate of 8% per annum.

### Failure to Pay

4. Demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same.

WHEREFORE, USA prays for judgment:

A. For the sums set forth in paragraph 3 above, plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961 that interest on the judgment be at the legal rate until paid in full;

B. For attorneys' fees to the extent allowed by law; and,

C. For such other relief which the Court deems proper.

Respectfully submitted,

By: s/Charles J. Holzman (P35625)
Holzman Corkery, PLLC
Attorneys for Plaintiff
Tamara Pearson (P56265)
28366 Franklin Road
Southfield, Michigan 48034
(248) 352-4340
usa@holzmanlaw.com

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS #1 OF 1

Cecil J. Dixon
8505 Mark Twain St.
Detroit, MI  48228-2425
Account No.

I certify that U.S. Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 06/18/10.

On or about 07/27/84, the borrower executed promissory note(s) to secure loan(s) of $2,500.00 from First Federal Savings & Loan Association (Phoenix, AZ). This loan was disbursed for $2,500.00 & $0.00 on 10/16/84, at 8.00 percent interest per annum. The loan obligation was guaranteed by United Student Aid Funds, Inc., and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note, and credited $0.00 to the outstanding principal owed on the loan. The borrower defaulted on the obligation on 04/17/86, and the holder filed a claim on the loan guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $2,615.06 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the borrower. The guarantor was unable to collect the full amount due, and on 07/29/04, assigned its right and title to the loan to the Department.

Since assignment of the loan, the Department has credited a total of $0.00 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $2,615.06 |
| Interest: | $5,055.73 |
| Total debt as of 06/18/10: | $7,670.79 |

Interest accrues on the principal shown here at the rate of $0.57 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 8/11/10

_(signature)_
Loan Analyst
Litigation Support

# AELP Application for a Guaranteed Student Loan

**WARNING:** Any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties which may include fines or imprisonment under the United States Criminal Code and 20 USC 1097.

SN Y 0000049 3 D

## SECTION I—TO BE COMPLETED BY THE STUDENT—READ THE INSTRUCTIONS

1. Social Security Number: [illegible]
2. Last Name: DIXON    First: CECIL   M.I.: J
3. Birthdate: Mo / Day / Yr
4. Permanent Home Address: 6378 WALTON    Apt. No.:
5. Area Code-Phone No. for Item 4: 313-361-0396   City: DETROIT   State Code: MI   Zip: 48210
6. U.S. Citizenship Status: 1 ☒ Citizen  2 ☐ Eligible Non-citizen   Alien I.D. #:
7. Your Dependents — Number: 0   Ages:
8. Permanent Resident of: State Code MI   Since: 5/63
9. Intended Enrollment Status: 1 ☐ Full-time  2 ☒ Half-time  3 ☐ Less than half-time
10. Major Course of Study Code: 17
11. While in School, You Intend to Live (Check One): 1 ☐ With Parents  2 ☒ On Campus  3 ☒ Off Campus
12. Prior to the academic year for which this loan is requested, have you ever been enrolled in any school beyond the high school level? 1 ☐ Yes  2 ☒ No
13. Requested Loan Amount: $2500.00
14. Loan Period: From 07/84 To 02/85
15. Have you ever defaulted on an education loan? 1 ☐ Yes  2 ☒ No
16. Do you have any outstanding education loans? 1 ☐ Yes  2 ☒ No — None

17. References:
- CECIL DIXON SR. — 6368 Walton, Romulus, Michigan 48210 — Employer: Kelsey Hayes
- GAIL DIXON — 6328 Walton, Det. Michigan — New Light Nursing

18. Name and Address of Lender Who will Process this Loan:

## SECTION II—TO BE COMPLETED BY THE SCHOOL

20. Name of School: Superior Training Services
21. Address: 301 W. Indian Sch. Rd. B-111   City: Phx   State: AZ   Zip: 85013
22. Loan Period: From 07/19/84 To 02/21/84
23. Grade Level Code: 1
24. Anticipated Completion Date: Mo 02 Yr 85
25. School Code: 021280
26. Area Code-Phone No: (602) 234-1970
27A. Dependency Status: 1 ☐ Dependent  2 ☒ Independent
27B. Adjusted Gross Income: $9,191
28. Estimated Total Cost of Education for Loan Period: $3,405
29A. Financial Aid for Loan Period: $-0-
29B. Expected Family Contribution: $-0-
30. Difference (Item 28 Less Items 29A and 29B): $3,405

32. Print Name and Title: Cathleen M. Morr — Fin. Aid Officer   Date: 09/12/84

## SECTION III—TO BE COMPLETED BY THE LENDER

33. Name of Lending Institution: FIRST FEDERAL SAVINGS & LOAN ASSN.
34. Address: 3003 N. Central Ave. Mezz
    City: Phoenix, AZ  85012
    602-218-3291   CODE 821805
36. Lender Code: 821805
37. Loan Disbursement Date(s): #1 10-9-84
38. Loan Amount(s): $2500
39. Total Amount Lender Approves: $2500
39A. Maturity Date: Mo 7 Yr 85
40. Print Name and Title: R. Tokosch, SL Mgr.   Date: 9-25-84

## Promissory Note for a Guaranteed Student Loan

**I. Promise To Pay** I, the undersigned student borrower identified in Section I, Item 2, promise to pay to you or your order when this note becomes due as set forth in Paragraph II, the sum of:

Two Thousand Five Hundred DOLLARS ($2500.00)

I UNDERSTAND THAT THIS IS A PROMISSORY NOTE. I WILL NOT SIGN THIS PROMISSORY NOTE BEFORE READING IT INCLUDING THE WRITING ON THE REVERSE SIDE, EVEN IF OTHERWISE ADVISED. I AM ENTITLED TO AN EXACT COPY OF THIS PROMISSORY NOTE, THE NOTICE OF LOAN GUARANTEE AND DISCLOSURE STATEMENT AND ANY AGREEMENT I SIGN. BY SIGNING THIS PROMISSORY NOTE I ACKNOWLEDGE THAT I HAVE RECEIVED AN EXACT COPY HEREOF.

or such loan amount as is advanced to me and identified to me in the Notice of Loan Guarantee and Disclosure Statement, plus interest as set forth in Paragraph III, and any other charges which may become due as provided in Paragraph VI. If I fail to pay any of these amounts when they are due, I will pay all charges and other costs, including the fees of an outside attorney and court costs that are permitted by Federal law and regulations for the collection of this loan, which you incur in collecting this loan (See Paragraphs II, III, VI on the other side.) My signature certifies that I have read, understood and agreed to the conditions and authorizations stated in the "Borrower Certification" printed on the reverse side.

B. Student Borrower Signature: Cecil J. Dixon   Date: 27 July 84

**NOTICE TO STUDENT:** Terms of the Promissory Note continue on the reverse side. Do not detach copies A, B, and C (white) from the booklet. Detach and keep for your records copy D.

USA Funds Form 115 AZ 6/84    LENDER COPY A

## Additional Terms of the Promissory Note for a Guaranteed Student Loan

**II. Date Note Comes Due** I will repay this loan: 1) In periodic installments during a repayment period that will begin no later than the end of my grace period, or 2) in full immediately if I fail to enroll and attend at the school which certified my application for the academic period intended (this loan will not be eligible for a grace period). My grace period is that period of time which begins when either I leave school or stop carrying, at an eligible school approved by the Guarantor, at least one half the normal full-time academic work load required by the school. The Notice of Loan Guarantee and Disclosure Statement will identify the length of my grace period. During the grace period I may request that the grace period be shortened and the repayment period begin earlier.

**III. Interest** I agree to pay an amount equivalent to simple interest on the unpaid principal balance from the date you advance the loan until the loan is paid in full. The applicable interest rate on this loan will be the same as the applicable interest rate on my other Guaranteed Student Loans if any of those loans is still outstanding and has an interest rate of 7%, 8% or 9%. If I have no outstanding Guaranteed Student Loans, my interest rate on this loan will be 8%. The Notice of Loan Guarantee and Disclosure Statement identifies the applicable interest rate for this loan. You will not attempt to collect from me any interest which the United States Government will pay for me. When this note becomes due I may either pay the total interest due from me or such interest may be added, in accordance with regulations of AELP governing the Guaranteed Student Loan Program, to the principal balance due to be repaid with interest, in installments. Once the repayment period begins, I will pay all the interest on this loan, except that if the interest occurring on this loan prior to the repayment period was payable by the United States Government, the United States Government will pay the interest that occurs during any period described under Deferment, Paragraph VIII in this Note. All payments will be made to your address indicated on the Notice of Loan Guarantee and Disclosure Statement or to any other address you notify me of.

**IV. Origination and Guarantee Fees** I will pay you an origination fee as authorized by federal law; not to exceed 5% of the amount loaned to me as identified on the Notice of Loan Guarantee and Disclosure Statement. If any loan check is returned uncashed to you, I will be entitled to a refund of any origination fee paid in respect to such disbursement. I will pay you a guarantee fee, in an amount identified on the Notice of Loan Guarantee and Disclosure Statement, which you will forward to the Guarantor to pay for its guarantee of this Note. The guarantee fee, in an amount not to exceed three-quarters of one percent (.75%) per annum, is calculated on the amount of this loan from the anticipated disbursement date as indicated by the Lender in Section III of the application until the expiration of my grace period following the graduation or course completion date indicated by the School in Section II of my application for this loan. No part of the guarantee fee will be refunded to me unless the total loan is repaid within 60 days after the disbursement date, in which case the total fee will be refunded. The origination fee and the guarantee fee may both be deducted from the proceeds of my loan.

**V. Default** I will be in default and you have the right to give me notice that the whole outstanding principal balance plus any unpaid interest I owe is due and payable at once (subject to any law which gives me a right to cure my default) if 1) any payment has not reached you within the number of days after it is due as specified on the Notice of Loan Guarantee and Disclosure Statement, or 2) I fail to notify you of a change in my name, address or school enrollment status within 10 days; or 3) I break any of my other promises under this agreement, or 4) I make any false written statement in applying for this loan or for a forbearance or deferment of this loan. After sending such notice to me, you will have the right, without further notice, to take the outstanding balance out of my checking and/or savings account I have with you, if not prohibited by law, but not out of the proceeds of any other property of mine which you have a right to take because of any other agreement between you and me. If I default, I will still be required to pay interest on this loan as provided in Interest, Paragraph III from the date of default. A default also makes me ineligible for the benefits described under Deferment, Paragraph VIII.

**VI. Late Charges** If any payment has not reached you within ten (10) days after its due date you may, if permitted by law, bill me for a late charge at the maximum rate permitted. If a payment is late, I may be charged five dollars ($5.00) or five percent (5%) of the payment, whichever is less.

**VII. Additional Agreements** 1) The proceeds of this loan will be used only for my education expenses at the school indicated in Section I of my application. 2) Any notice required to be given to me will be effective when mailed by first class mail to the latest address you have for me. 3) Your failure to enforce any part of this agreement, or any term of this Note is not a waiver of your rights. No provision of this Note can be waived or modified except in writing. 4) If the guarantor is required to pay a guarantee

to repay my loan(s) because I have defaulted, the Guarantor will become the owner of this Note and as my creditor will have all the rights of the original lender to enforce this Note against me. 5) I understand that I must repay this Note even though I may be under 18 years of age. 6) If I am unable to make the scheduled payments for reason of hardship, I may be eligible for forbearance as provided for in the AELP regulations at the discretion of the lender on the repayment of my loan(s). 7) In this Note the words I, me, and my mean the borrower identified in Item 2 of Section I of the Application. You, your and yours mean the lender and any other owner of the Note.

**VIII. Deferment** You will let me pay interest only, if such interest is not paid by the United States Government, and let me defer making principal payments on this Note as provided below if my repayment period has begun, I am not in default and I can provide you with written evidence that I qualify for the deferment. 1) While I am enrolled, a) at a participating school in full-time study, as determined by that school, however, to obtain a deferment to attend a school not located in the United States I must be a citizen or national of the United States; or b) in a graduate fellowship program approved by the Secretary of Education; or c) in a rehabilitation training program for disabled individuals approved by the Secretary of Education; or d) as a full-time student at an institution of higher education or vocational school which is operated by an agency of the United States Government. 2) For periods not exceeding 3 years for each of the following while I am a) on active duty in the Armed Forces of the United States or serving as an officer in the Commissioned Corps of the United States Public Health Service, or b) serving as a Peace Corps volunteer, or c) serving as a full-time volunteer under Title I of the Domestic Volunteer Service Act of 1973 (e.g., VISTA), or d) providing service as a full-time volunteer for an organization exempt from Federal income tax under Section 501(c)(3) of the Internal Revenue Code of 1954, which the Secretary of Education has determined is comparable to service performed in the Peace Corps or ACTION programs, e) temporarily totally disabled, as established by affidavit of a qualified physician, or f) unable to work because I am providing care required by a spouse who is temporarily totally disabled as established by affidavit of a qualified physician. 3) For a period not exceeding 2 years while I am serving an internship that the Secretary of Education has determined is needed to gain professional recognition required to begin professional practice or service. 4) For a single period not exceeding one year while I am conscientiously seeking but unable to find full time employment in the United States.

**IX. Repayment** I will repay the total amount due on this Promissory Note in periodic installments, with interest at the rate indicated in Interest, Paragraph III, on the unpaid balance from the due date of this Promissory Note until the loan is paid in full, unless 1) The whole loan is due as described in Default, Paragraph V, or 2) This Promissory Note has become due because of item 2 of Date Note Comes Due, Paragraph II. Prior to the due date of this Promissory Note, you will send to me a Repayment Schedule which shows the particular repayment terms that will become part of this Promissory Note. The Repayment Schedule may include all loans I have received from you under the Guaranteed Student Loan Program of the Guarantor of this Promissory Note.

The Repayment Schedule will require me to make monthly payments for a period of not less than 5 nor more than 10 years after this Note becomes due. The repayment period will not be longer than 15 years from the date of my original Note not counting periods for which I am granted any authorized deferment outlined in Deferment, Paragraph VIII or forbearance. My original in-school period is counted in this 15 year requirement. At my option I may agree to a repayment period that is shorter than 5 years. I may at a later time have the repayment period extended so that the total repayment period is not less than 5 years; provided, however, that if my loan(s) is disbursed on or after October 1, 1981, my total payments for any year of the repayment period on all my loans under the Guaranteed Student Loan Program (GSLP), the Guaranteed Parent Loan Program (GPLP), or the PLUS Program under Title IV, Part B of the Higher Education Act shall not be less than $600 per year, including payments by my spouse on any loan under such loan programs (or the balance of all such loans plus accrued interest (if less than $600) even though this may result in a repayment period shorter than 5 years.

**X. Prepayment** I may, at my option and without penalty, prepay all or any part of the principal or accrued interest of this loan at any time. If I do so, I will be entitled to a rebate of any unearned interest that I have paid.

**XI. Credit Bureau Notification** If I default on this loan, you or the Guarantor may report the default to credit bureau organizations. This may significantly and adversely affect my credit rating. You must provide information on the repayment status of this loan to any credit bureau organization upon my request. If not otherwise prohibited by law, the lender or the Guarantor may disclose information about the status of this loan to any credit bureau.

### Borrower Certification

I declare under penalty of perjury under the laws of the United States of America that the following is true and correct: 1, the borrower, certify that the information contained in Section I of this application is true, complete and correct to the best of my knowledge and belief and is made in good faith. I hereby authorize the school to pay to the lender any refund which may be due me up to the amount of this loan. I further authorize any school that I may attend to release to the lending institution, subsequent holder, AELP, U.S. Department of Education, or their agents, any requested information pertinent to this loan (e.g., employment, enrollment status, current address). I certify that the proceeds of any loan made as a result of this application will be used for educational expenses for the loan period covered by this application at the school named in Section II. I understand that I must immediately repay any funds that I receive which cannot reasonably be attributed to meeting my educational expenses related to attendance at that school for the loan period stated in Item 22. I certify that the total amount of loans received under the Guaranteed Student Loan Program, Title IV, Part B (P.L. 89-329) as amended, will not exceed the allowable maximums. I further certify that I do not now

owe a repayment on a Pell Grant, Supplemental Grant, or State Student Incentive Grant and am not now in default on a National Direct Student Loan, or a Guaranteed Student Loan, or a Federally Insured Student Loan or a PLUS loan. I further authorize my lending institution to issue a check covering the proceeds of my loan, in full, or in part, made payable to me, or at the lender's option, jointly payable to me and the school, and sent to the school named in Section II or at the lender's option, to me. I have read and understand the "Statement of Borrower's Rights and Responsibilities" supplied with this application.

I understand that I will receive a Notice of Loan Guarantee and Disclosure Statement that identifies my loan amount (as determined by the lender), the fee amounts, due dates, grace period, and late charges. I understand and agree that if the information on the Notice of Loan Guarantee and Disclosure Statement conflicts with the information on the Application and Promissory Note, the information on the Notice of Loan Guarantee and Disclosure Statement applies.

**NOTICE TO STUDENT: BY YOUR SIGNATURE ON THE OTHER SIDE OF THIS APPLICATION AND PROMISSORY NOTE YOU ARE AGREEING TO THE ABOVE TERMS AND CERTIFICATION.**